CP-2001-003                                                      1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Angel R. Cardona Ubiñas | Querella <br><br> 2002 TSPR 48 <br><br> 156 DPR _____ |

Número del Caso: CP-2001-3


Fecha: 15/marzo/2002


Oficina del Procurador General:

                      Lcda. Yvonne Casanova Pelosi
                      Procuradora General Auxiliar


Abogado de la Parte Querellada:
                      Lcdo. Eduardo Villanueva Muñoz


Materia: Conducta Profesional


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Ángel R. Cardona Ubiñas
                                    CP-2001-003


PER CURIAM


San Juan, Puerto Rico, a 15 de marzo de 2002


I


     Según los hechos estipulados por las partes, el 20 de marzo de 1989, el Lcdo. Ángel Roberto Cardona Ubiñas (en adelante Lcdo. Cardona Ubiñas o querellado) autorizó la Escritura Núm.2 mediante la cual se efectuaba un contrato de compraventa entre el Sr. Rafael Báez Ortega, como vendedor, y la Sra. Lucía López Colón, como compradora.  Esta última (en adelante Sra. López Colón o querellante) está dentro del cuarto grado de

consanguinidad del querellado, hecho que éste desconocía al momento de autorizarse la transacción.[1]

El vendedor de la transacción fue a presentar la escritura al Registro de la Propiedad pero, debido a que la copia que le había entregado el abogado no era certificada, la misma no pudo ser presentada. El vendedor procedió a informarle a la compradora sobre ese hecho. Ante tal situación, la quejosa comenzó a tratar de comunicarse con el abogado querellado, pero sus gestiones resultaron infructuosas. No fue sino hasta cuatro (4) meses después, cuando casualmente se encontraron en un establecimiento comercial, que el querellado le dijo a la Sra. López Colón que habían surgido problemas y que había que rehacer la escritura. Excepto por este encuentro en el centro comercial, el Lcdo. Cardona Ubiñas nunca vio o se comunicó con la querellante.

El vendedor le informó a la Sra. López Colón que iba a buscar a otro abogado para efectuar una nueva escritura y que los gastos los debía costear ella o de lo contrario rescindiría del negocio jurídico. También le dijo que el precio de venta y las condiciones contractuales cambiarían. Ante esta situación, la Sra. López Colón buscó asesoramiento legal con la Lcda. Aponte Torres, la cual entabló una acción civil contra el vendedor y el abogado querellado. En esta acción se le solicitaba al vendedor que otorgara una nueva escritura bajo las mismas condiciones originales. La Lcda. Aponte Torres trató infructuosamente de comunicarse con el querellado para que éste le proporcionara una copia certificada de la escritura. El querellado nunca respondió a los requerimientos de la abogada, más aún, éste no había incluido la escritura en su protocolo notarial. Debe señalarse que el Informe del Comisionado Especial designado para atender la querella señaló ocho (8) faltas notariales en la escritura, además de la de que uno de los otorgantes estaba dentro del cuarto grado de consanguinidad del querellado.

---

[1] La Sra. López Colón fue hermana de crianza del padre del querellado, pero este último no sabía que su abuelo paterno la había adoptado formalmente hacía varios años. El querellado advino en conocimiento de la adopción varios días después de haber otorgado la escritura.

La Sra. López Colón desistió de la acción al otorgarse otra escritura ante otro notario con las mismas condiciones contractuales que la primera, y al ser este otorgamiento sufragado en su totalidad por el querellado.

Atendiendo a nuestra orden, el Procurador General presentó una querella imputándole al Lcdo. Cardona Ubiñas once (11) cargos: nueve (9) por violación a la Ley Notarial de Puerto Rico, Núm. 75 de 2 de julio de 1987, 4 L.P.R.A. §2001 *et seq.*, según enmendada, y dos (2) por violación al Canon 18 y 19 de Ética Profesional respectivamente, 4 L.P.R.A. Ap.IX C. 18 y 19. En la contestación a la querella, el Lcdo. Cardona Ubiñas aceptó todos los cargos excepto el que le imputaba violación al Canon 19, y aceptó parcialmente la violación al Canon 18, sólo en lo que respecta su carácter de notario.[2]

Luego de estudiar la Querella y la contestación a la misma, nombramos a un Comisionado Especial para que rindiese un Informe con las determinaciones de hecho y recomendaciones. El 5 de octubre de 2001, el Comisionado Especial sometió su informe, en el cual concluyó que el querellado cometió todos los cargos imputados en la querella, incluyendo la violación al Canon 19.

II

El Canon 18, *supra*, le exige al abogado rendir una labor idónea de competencia y diligencia. A pesar que este Canon menciona esta labor idónea en relación al cliente, reiteradamente hemos interpretado que este Canon aplica a la labor del abogado notario. Véase, *In re* González Maldonado, res. el 20 de diciembre de 2000, 2000 J.T.S. 203; *In re* Martínez Ramírez, 142 D.P.R. 329, 340-341 (1997); *In re* Salichs Martínez, 131 D.P.R. 481, 487-488 (1992); *In re* Díaz García, 104 D.P.R. 604, 608 (1976). Recordemos que el notario, como abogado, está obligado por los Cánones de Ética Profesional, supra, *In re* Igartúa Muñoz, res. el 2 de febrero de 2001, 2001 J.T.S. 16, pág. 827.

---

[2] En el Informe de la Conferencia entre Abogados, el querellado se allanó a todos los cargos excepto al que se le imputa violación al Canon 19.

En el caso de autos, las actuaciones del querellado distan de la idoneidad que debe caracterizar a la labor de todo abogado. Las faltas notariales y la tardanza en tratar de rectificar sus efectos se tradujeron en gastos y pesares adicionales para la quejosa, la cual tuvo que instar una acción civil para que el vendedor se comprometiera a honrar las condiciones previas de la compraventa y para que se otorgara una escritura pública acorde con la Ley Notarial. Las faltas notariales y la tardanza en rectificar o mitigar los efectos de las mismas nos llevan también a la discusión del Cargo XI, el cual le imputa al Lcdo. Cardona Ubiñas violación al Canon 19, *supra*.

El Canon 19, *supra*, le impone al abogado el deber de mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado. Este Canon aplica también en el carácter de abogado notario. *In re* Cardona Vázquez, 108 D.P.R. 6 (1978). En un caso como el de autos, este deber se traduce en informarle a las personas involucradas en la transacción efectuada por el notario, las deficiencias de su otorgamiento y el efecto de las mismas. La falta a este deber en el caso de autos se recrudece, ya que el querellado no atendió las llamadas o requerimientos de la Sra. López Colón. Pasaron cuatro (4) meses desde el otorgamiento de la escritura hasta el encuentro casual e inesperado en un centro comercial con la querellante. Es entonces cuando el Lcdo. Cardona Ubiñas le informa a la querellante que había que rehacer la escritura. Este cuadro fáctico presenta una falta de diligencia en informar que, a su vez, genera una clara violación al Canon 19, *supra.*

En una ocasión anterior, censuramos al Ldco. Cardona Ubiñas por faltas a los Cánones 18 y 19. véase, *In re* Cardona Ubiñas, res. el 29 de julio de 1998, 98 JTS 106, págs. 37-38.[3] Determinamos en esa ocasión que el querellado violó también los Cánones 18 y 19 de Ética Profesional, *supra*.

---

[3] A pesar de que en el caso *In re* Cardona Ubiñas, *supra*, aparece en el epígrafe el nombre de Roberto Cardona Ubiñas, éste es la misma persona que el del caso de marras, Lcdo. Ángel Roberto Cardona Ubiñas. Véase, pág. 2 de la Contestación a la Querella y la pág. 1 de la Minuta del Comisionado Especial de 28 de agosto de 2001.

Al considerar como elemento mitigante que el querellado aceptó la gran mayoría de los cargos imputados en su contra, y que sufragó todos los gastos incurridos por la querellante para rectificar sus errores, suspendemos al Lcdo. Ángel R. Cardona Ubiñas del ejercicio del notariado por un término de un (1) año a partir de la notificación de la sentencia y hasta que otra cosa disponga el Tribunal.  La sanción entrará en vigor inmediatamente después de dicha notificación.  Se ordena, además, la incautación inmediata del protocolo notarial del querellado.  Le apercibimos que de seguir incurriendo en faltas éticas profesionales seremos más severos en la imposición de sanciones.

Se dictará la correspondiente sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Ángel R. Cardona Ubiñas

CP-2001-003

SENTENCIA

San Juan, Puerto Rico, a 15 de marzo de 2002

Por los fundamentos expuestos en la Per Curiam que antecede, y considerando como elemento mitigante que el querellado aceptó la gran mayoría de los cargos imputados en su contra y que sufragó todos los gastos incurridos por la querellante para rectificar sus errores, suspendemos al Lcdo. Ángel R. Cardona Ubiñas del ejercicio del notariado por un término de un (1) año a partir de la notificación de la sentencia y hasta que otra cosa disponga el Tribunal. La sanción entrará en vigor inmediatamente después de dicha notificación. Le apercibimos que de seguir incurriendo en faltas éticas profesionales seremos más severos en la imposición de sanciones.

El Alguacil de este Tribunal deberá incautarse del sello y la obra notarial del abogado suspendido, debiendo entregar la misma a la Directora de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Se le impone a éste el deber de notificar a quienes hayan solicitado sus servicios de su inhabilidad para ejercer la notaría, les devuelva cualesquiera honorarios recibidos por trabajos no realizados.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.  El Juez Asociado señor Rivera Pérez no intervino.


Carmen E. Cruz Rivera
Secretaria del Tribunal Supremo Interina