EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Lcdo. Santiago Martínez Miranda | Querella<br><br>2003 TSPR 149<br><br>160 DPR _____ |

Número del Caso: CP-2002-4


Fecha: 17 de septiembre de 2003


Oficina del Procurador General:

        Lcda. Noemí Rivera de León
        Procuradora General Auxiliar


Abogado de la Parte Querellada:
        Lcdo. Arturo Luis Dávila Toro



Materia: Conducta Profesional
        (La suspensión será efectiva el 26 de septiembre
        de 2003 fecha en que se le notificó al abogado de su
        suspensión inmediata).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Santiago Martínez Miranda

CP-2002-4

PER CURIAM

San Juan, Puerto Rico a 17 de septiembre de 2003

La Oficina del Procurador General (en adelante Procurador) presentó ante nos un informe sobre la conducta profesional del Lcdo. Santiago Martínez Miranda, en su desempeño como representante legal del Sr. José Julián Correa Dávila. Luego de varios trámites procesales le ordenamos al Procurador formular la correspondiente querella, la cual fue instada el 7 de mayo de 2002. En ésta se le imputa al licenciado Martínez Miranda tres (3) cargos por violaciones a las disposiciones de los Cánones 9, 18 y 19 de Ética Profesional, 4 L.P.R.A. Ap. IX.

2

Examinada la querella instada por el Procurador así como la contestación sometida por licenciado Martínez Miranda a través de su representante legal, designamos como Comisionado Especial al Hon. Enrique Rivera Santana (en adelante Comisionado), para que realizara una vista evidenciaria y sometiera el correspondiente informe. Tras la celebración de ésta, el Comisionado sometió su Informe el 5 de mayo de 2003.

A continuación haremos un resumen de los hechos conforme surgen del Informe del Comisionado y demás documentos que obran en autos.

I

En junio de 1998, el señor Correa Dávila contrató los servicios del licenciado Martínez Miranda para que presentara una demanda de ejecución de hipoteca por la vía ordinaria. Al momento del acuerdo el referido abogado no anotó la dirección física o postal de quien sería su cliente. Sólo obtuvo su número de teléfono. La comunicación entre cliente y abogado se hacía por la vía telefónica o a través de la oficina de la Lcda. Texeira Guietz.[1] El 29 de junio de 1998 el licenciado Martínez Miranda presentó la acción de ejecución de hipoteca en el Tribunal de Primera Instancia, Sala

---

[1] Es menester señalar que el querellado, Lcdo. Santiago Martínez Miranda, no recibió pago alguno de su cliente, ni siquiera para gastos de presentación de la acción y del diligenciamiento de los emplazamientos.

Superior de Carolina, contra el Sr. Pascual Ramos Ciuro y la Sra. Virginia Fontánez (Caso Civil Núm. FCD 98-1558; *José Julián Correa Dávila v. Pascual Ramos y otros*). Aparte de presentar dicha acción, emplazar sólo a la codemandada, señora Fontánez,[2] y acompañar a su cliente en una toma de una deposición *duces tecum*, el licenciado Martínez Miranda no hizo ninguna otra gestión relacionada al caso.

Así pues, ante la inactividad prolongada, el 28 de junio de 1999, el tribunal de instancia emitió una orden al amparo de la Regla 39.2(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III. Conforme a dicha disposición, le requirió a las partes involucradas en el pleito que en un plazo de diez (10) días expusieran las razones por las cuales no debía desestimar la acción y decretar el archivo del caso por no haberse efectuado trámite alguno durante los últimos seis (6) meses.[3] Ninguna de las

---

[2] Del Informe del Comisionado surge que el emplazamiento del codemandado Sr. Pascual Ramos Ciuro, nunca fue diligenciado ya que éste no pudo ser localizado. A pesar de esto, no se llevaron a cabo gestiones para emplazarlo por edicto.

[3] La Regla 39.2(b) de Procedimiento Civil, *supra*, dispone lo siguiente:

> El juez administrador ordenará la desestimación y archivo de todos los asuntos civiles pendientes en los cuales no se hubiere efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de

partes respondió al requerimiento del tribunal. En consecuencia, el 13 de septiembre de 1999 el foro de instancia dictó sentencia desestimando la demanda y decretando el archivo del caso. La copia de la notificación de la sentencia fue archivada en autos el 15 de septiembre de 1999. El licenciado Martínez Miranda no pidió reconsideración ni acudió en alzada del dictamen.

Así las cosas, el señor Correa Dávila, **ajeno a la decisión que emitiera el foro de instancia en su contra**, le pidió la renuncia al licenciado Martínez Miranda debido al estancamiento de su caso y a la poca información que éste le ofrecía sobre el mismo. Cuando el nuevo abogado del señor Correa Dávila revisó el expediente le informó que su caso había sido archivado por inactividad. El señor Correa Dávila le pidió a su abogado que presentara la demanda nuevamente. Luego de radicada, ésta fue desestimada debido a que el primer archivo constituyó una adjudicación en los méritos de la

---

prórroga no serán consideradas como un trámite a los fines de esta regla.

El juez administrador dictará una orden en todos dichos asuntos, requiriendo a las partes para que, dentro del término de diez (10) días de su notificación por el secretario, expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos.

causa de acción en el caso. Regla 39.2(c), *supra*.[4] Como resultado de esto, el señor Correa Dávila perdió su reclamación y la oportunidad de cobrar una deuda que, según él, asciende a $20,000 de principal e intereses al 11.5% anual desde el 8 de diciembre de 1987, más honorarios y gastos de abogado.

## II

Reiteradamente hemos expresado que todo miembro de la profesión legal tiene el deber de diligentemente defender los intereses de su cliente con un trato profesional caracterizado por la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez. Su gestión profesional debe llevarse a cabo aplicando en cada caso sus conocimientos y habilidades. Canon 18 de Ética Profesional, 4 L.P.R.A. Ap. IX. Véanse, además: *In re Grau Díaz*, res. 1 de mayo de 2001, 154 D.P.R.___ (2001), 2001 TSPR 70, 2001 JTS 70, págs. 1253-54; *In re Águila López*, res. 27 de septiembre de

---

[4] Sobre el particular, la Regla 39.2(c), *supra*, dispone, en lo pertinente, que:

> [a] menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo la Regla 39.2 y cualquier otra desestimación, excepto la que se hubiera dictado por falta de jurisdicción, o por haber omitido acumular una parte indispensable, tiene el efecto de una adjudicación en los méritos.

2000, 152 D.P.R. ___ (2000), 2000 TSPR 166, 2000 JTS 178, págs. 381-82; e *In re Acosta Grubb*, 119 D.P.R. 595 (1987).

De lo antes expuesto se puede colegir, con meridiana claridad, que el licenciado Martínez Miranda incumplió con los deberes éticos exigidos por el Canon 18, *supra*, cuando luego de aceptar representar al señor Correa Dávila, aparte de presentar la acción, asistirlo en la toma de una deposición y diligenciar el emplazamiento de uno de los codemandados, no hizo gestión ulterior alguna a favor de éste. Igualmente, su negligencia y desidia fue manifiesta al ignorar la Orden del Tribunal de Primera Instancia, emitida el 28 de junio de 1999 al amparo de la Regla 39.2(b), requiriéndole que en el plazo de diez (10) días expusiera las razones que tuviera por las cuales no debía desestimarse la acción. Además, al notificársele la sentencia desestimando el caso por inactividad, no informó al cliente sobre la misma ni le explicó las posibles consecuencias de este dictamen. Tampoco pidió reconsideración ni acudió al foro apelativo.

Ciertamente, su desempeño dista mucho de ser uno responsable, diligente y competente como lo exigen los Cánones de Ética Profesional que rigen a la clase togada.

De otra parte el Canon 19, *supra*, obliga a los abogados a mantener a sus clientes informados sobre todo

asunto importante que surja en el trámite de los casos. *In re Cardona Ubiñas*, res. 15 de marzo de 2002, 2002 TSPR 48, 156 D.P.R. ___ (2002), 2002 JTS 53, pág. 958; *In re Soto Catón*, res. 9 de noviembre de 2001, 155 D.P.R.___ (2001), 2001 TSPR 166, 2001 JTS 166, pág. 478; e *In re Rosario*, 116 D.P.R. 462, 466-67 (1985).

No cabe duda que el licenciado Martínez Miranda también incumplió con este precepto al obviar notificarle a su cliente el hecho de que en su caso se había dictado sentencia y no explicarle las posibles consecuencias de este evento procesal. Es menester señalar que al éste iniciar la relación entre abogado y cliente ni siquiera se aseguró de tener un mecanismo efectivo para notificar por escrito al señor Correa Dávila las incidencias del caso. No obtuvo su dirección postal ni residencial.

Sabido es que un abogado debe mantener informado a su cliente de las gestiones realizadas y del desarrollo de los asuntos a su cargo. *In re Acosta Grubb*, *supra*. **Una sentencia que pone fin, parcial o totalmente a la causa de acción, es uno de los asuntos que debe ser informados por el abogado inmediatamente al cliente.** (Énfasis nuestro.) *Colón Prieto v. Geigel*, 115 D.P.R. 232, 240 (1984).

Finalmente, el licenciado Martínez Miranda incurrió en violación al Canon 9, *supra*, al no responder diligente y **satisfactoriamente** tanto a nuestros

requerimientos como a los del Procurador General. Es menester puntualizar que en sus comunicaciones, hechas a través de su representante legal, se limitó a expresar que todo se debió a un error e inadvertencia de su parte y que se encontraba haciendo gestiones para resarcirle al señor Correa Dávila la cantidad reclamada por él. Cabe señalar, sin embargo, que no ha especificado a nuestra **satisfacción** cuáles son esas gestiones.[5]

---

[5] El 1 de octubre de 2001, este Tribunal le concedió un plazo de diez (10) días al licenciado Martínez Miranda para que compareciera y expresara sus comentarios en torno a la queja en su contra. El 30 de octubre de 2001, a través de su representante legal, solicitó treinta (30) días adicionales para contestar la queja. Dada su incomparecencia, el 4 de diciembre de 2001, se le concedió un término hasta el 12 de diciembre de 2001 para contestar la queja. La representación legal del licenciado Martínez Miranda nos informó que el abogado está haciendo las gestiones correspondientes para resarcirle a Correa Dávila la cantidad reclamada por él en la demanda y que dio motivo a la presente queja. Señaló que tan pronto su cliente tuviese un adelanto del dinero requerido, se lo haría llegar al señor Correa Dávila y así lo informaría a este Tribunal. El 27 de diciembre de 2001, la Secretaria de este Tribunal le concedió nuevamente un término de diez (10) días al licenciado Martínez Miranda para que contestara la queja. El 4 de enero de 2002, su representante legal contestó nuevamente diciendo que su cliente estaba haciendo las gestiones para resarcirle al señor Correa Dávila la cantidad reclamada por él.

En vista de lo anterior, el 18 de enero de 2002 la Secretaria refirió para la atención del Procurador General el caso de epígrafe. El Procurador le concedió un término final de diez (10) días para que contestara la queja. Sin embargo, el 1 de febrero, el representante legal del licenciado Martínez Miranda envío una carta señalando una vez más que su cliente estaba haciendo las gestiones para resarcirle la cantidad reclamada al señor Correa Dávila.

Los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal y a los del Procurador General, particularmente cuando se trata de una queja presentada en su contra que está siendo investigada, esto, independientemente de los méritos de la misma.    La naturaleza de la abogacía requiere escrupulosa atención y obediencia a las órdenes del Tribunal Supremo particularmente en la esfera ética. *In re Aurora Ron Menéndez*, res. 24 de agosto de 1999, 149 D.P.R.__ (1999), 99 TSPR 133, 99 JTS 139, pág. 31. Véanse, también: *In re Salich Martínez*, 131 D.P.R. 481, 490 (1992); e *In re Rosa Batista*, 122 D.P.R. 485 (1988).

La conducta desplegada por el licenciado Martínez Miranda, de no responder **satisfactoriamente** a nuestros requerimientos y a los del Procurador, ciertamente obstaculizó los procedimientos disciplinarios y dificultaron la evaluación de la queja presentada en su contra.    Sencillamente es una conducta que no estamos dispuestos a tolerar.[6]

---

[6]    Cabe señalar que a raíz de una acción de cobro instada por el señor Correa Dávila en el Tribunal de Primera Instancia, Sala Superior de Carolina en el Caso Civil Núm. SAC 2001-2954, *José J. Correa Dávila v. Santiago Martínez Miranda* contra el licenciado Martínez Miranda, este último le ofreció compensarle por los daños y le indicó que estaba haciendo gestiones para conseguir el dinero.    No obstante, del Informe del Comisionado Especial surge que a la fecha de la vista, el señor Correa Dávila aún no había sido compensado. Esto, a pesar de que el abogado testificó que estaba en disposición de suscribir un pagaré obligándose a pagarle al señor Correa Dávila los $20,000 que había perdido.

III

Por las razones anteriormente esbozadas se decreta la suspensión inmediata del ejercicio de la abogacía del Lcdo. Santiago Martínez Miranda por un término de seis (6) meses, a partir de la notificación de esta Opinión.

Se ordena al Alguacil de este Tribunal que proceda a notificar esta Opinión Per Curiam y Sentencia personalmente al Lcdo. Santiago Martínez Miranda y a incautarse de su obra y sello notarial, para ser remitida, examinada y oportunamente objeto de un informe por parte de la Oficina de Inspección de Notarías.

Se le ordena además, notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá certificarnos dentro de un término de treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam y sentencia, el cumplimiento con estos deberes, notificando también al Procurador General. Se le advierte que el incumplimiento con esta orden podrá reflejarse en la imposición de ulteriores sanciones.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Santiago Martínez Miranda

CP-2002-4

SENTENCIA

San Juan, Puerto Rico a 17 de septiembre de 2003

Por los fundamentos expuestos en la Opinión que antecede, se dicta sentencia decretando la suspensión inmediata del ejercicio de la abogacía del Lcdo. Santiago Martínez Miranda por un término de seis (6) meses, a partir de la notificación de esta Opinión.

Se ordena al Alguacil de este Tribunal que proceda a notificar esta Opinión Per Curiam y Sentencia personalmente al Lcdo. Santiago Martínez Miranda y a incautarse de su obra y sello notarial, para ser remitida, examinada y oportunamente objeto de un informe por parte de la Oficina de Inspección de Notarías.

Se le ordena además, notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá certificarnos dentro de un término de treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam y Sentencia, el cumplimiento con estos deberes, notificando también al Procurador General. Se le advierte que

el incumplimiento con esta orden podrá reflejarse en la imposición de ulteriores sanciones.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. EL Juez Asociado señor Rivera Pérez suspendería de la abogacía al querellado en forma indefinida. El Juez Asociado señor Fuster Berlingeri no intervino.


                              Patricia Otón Olivieri
                          Secretaria del Tribunal Supremo