EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2013 TSPR 80 |
| | |
| Damaris Massanet Rodríguez | 188 DPR ____ |

Número del Caso: CP-2012-4

Fecha: 28 de febrero de 2013

Oficina de la Procuradora General:

      Lcda. Tatiana Grajales Torruella
      Sub Procuradora General

      Lcda. Carmen Riera Cintrón
      Procuradora General Auxiliar

Materia: Conducta Profesional – La suspensión de la abogada será efectiva el 2 de mayo de 2013 fecha en que se le notificó a la abogada por correo certificado con acuse de recibo de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Damaris Massanet Rodríguez

CP-2012-0004

PER CURIAM

En San Juan, Puerto Rico, a 28 de febrero de 2013.

Una vez más nos corresponde atender una situación en la que una abogada querellada asume una conducta de extrema desidia e indiferencia, en detrimento del buen cauce que debe seguir todo proceso ético-disciplinario. Por tanto, sin necesidad de entrar a considerar los méritos de la querella que se presentó contra la Lcda. Damaris Massanet Rodríguez, la suspendemos inmediata e indefinidamente de la práctica de la abogacía y la notaría. Esto, toda vez que sus actuaciones

durante el proceso disciplinario fueron contrarias a lo que prescriben los Cánones 9 y 12 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

I

La licenciada Massanet Rodríguez (la querellada) fue admitida al ejercicio de la abogacía el 26 de enero de 2007 y al ejercicio de la notaría el 14 de julio de 2008. En lo pertinente a esta querella, la letrada asumió la representación legal del Sr. Nieves Pérez Ortiz (señor Pérez Ortiz o el quejoso) en una acción sobre daños y perjuicios que este presentó en el Tribunal de Primera Instancia, Sala de Carolina, contra el Sr. Ángel Ortiz Dávila y su esposa, la Cooperativa de Seguros Múltiples y Caribbean Airport Facilities, Inc. (Caso *Ángel M. Ortiz Dávila y otros* numerado FDP2008-0172). Pasamos a exponer el tracto procesal que siguió esa reclamación por ser pertinente a las imputaciones éticas que se formularon en contra de la letrada.

Allá para noviembre de 2008, el foro de instancia dictó una sentencia parcial desestimando la demanda en cuanto a Caribbean Airport Facilities h/n/c Hertz y la Cooperativa de Seguros Múltiples. De esta forma, el pleito continuó contra el resto de los codemandados. No obstante, transcurrió el tiempo sin que la parte demandante realizara trámite alguno en el caso. Por esa razón, el 23 de julio de 2009 el Tribunal de Primera Instancia dictó una orden

conforme a la Regla 39.2 (b) de Procedimiento Civil de 1979, instruyéndole a las partes a que justificaran su inacción en el pleito. En respuesta, en agosto de ese año la licenciada Massanet Rodríguez presentó una moción en la que informó que debido a ciertas complicaciones no había podido atender con premura sus gestiones profesionales y además, que el señor Pérez Ortiz interesaba desistir del pleito por razones personales. En vista de ello, el 31 de agosto de 2009 el foro de instancia dictó sentencia decretando el desistimiento de la demanda sin perjuicio.

Ahora bien, según se desprende del expediente, durante el año 2010 la querellada fue contratada por el Bufete de abogados Morales-Morales. Durante ese tiempo, el quejoso suscribió un contrato sobre honorarios profesionales en el que esta firmó como representante del mencionado bufete. En ese documento se acordaron los detalles en cuanto a cómo procederían respecto a la reclamación de daños y perjuicios que previamente se había incoado.

Así pues, el 23 de agosto de 2010, la querellada, en representación del quejoso, presentó una nueva demanda en la que figuraron como codemandados el Sr. Ángel Ortiz Dávila y su esposa, la Cooperativa de Seguros Múltiples como aseguradora de este y Daimler Chrysler Services Caribbean S.A. (Caso *Nieves Pérez Ortiz y otros v. Ángel M. Ortiz Dávila y otros*, numerado FDP2010-0291). Ante ello, la Cooperativa de Seguros Múltiples alegó que la

reclamación en su contra era cosa juzgada y solicitó la desestimación bajo ese fundamento. Así, el 2 de febrero de 2011 el Tribunal desestimó la demanda en contra de dicha entidad, con perjuicio. Ese mismo día, desestimó también con perjuicio la causa de acción que pendía contra el Sr. Ángel Ortiz, por cuanto no se le emplazó dentro del término estatutario. Por iguales fundamentos, pero sin perjuicio, desestimó la demanda en cuanto al codemandado Daimler Chrysler.

Más adelante, el 18 de febrero de 2011, la letrada presentó ante el Tribunal de Primera Instancia un escrito titulado "Moción de renuncia de representación legal". Allí informó que había cesado sus labores en el Bufete Morales-Morales y solicitó 30 días para que otro abogado asumiera la representación legal de su cliente (el quejoso). Por no cumplir con los requisitos para ello, el TPI no aceptó dicha renuncia.[1] De esta forma, transcurrió el término para solicitar reconsideración y apelar esas sentencias sin que ningún recurso se instara, por lo que ambas advinieron finales y firmes.

Ante lo ocurrido, en mayo de 2011 el señor Pérez Ortiz presentó una queja ante este Tribunal y solicitó, entre otras cosas, que investigáramos la conducta desempeñada por la licenciada Massanet Rodríguez. En su queja expuso

---

[1] El 8 de marzo 2011 el TPI emitió orden para que en el término de 20 días la letrada cumpliera con las disposiciones de la Regla 19 de las Reglas para la Administración del Tribunal de Primera Instancia y con el Canon XX del Código de Ética Profesional, disposiciones atinentes al procedimiento de renuncia de representación legal.

que en múltiples ocasiones se comunicó con la querellada para conocer el estado procesal de su caso, pero que sus esfuerzos resultaron infructuosos. Indicó que ante cierta información contradictoria que esta le ofreció, acudió personalmente al Tribunal de Primera Instancia, Sala de Carolina, donde se le informó que su acción se había archivado con perjuicio.

Así las cosas, en junio de 2011 le notificamos la queja a la abogada, quien tras solicitar una prórroga, compareció y contestó las alegaciones del quejoso. Subsiguientemente, el 10 de agosto de 2007 referimos la queja a la Oficina del Procurador General. En cumplimiento con nuestra orden, la Procuradora General Auxiliar le requirió al Lcdo. Jaime Morales-Morales, del Bufete Morales-Morales, que remitiera ciertos documentos. Tras la correspondiente investigación, el 10 de noviembre de 2011 recibimos el Informe del Procurador General, el cual también se le notificó a la querellada a dos direcciones postales: una en Puerto Rico y otra en la ciudad de Houston, Texas. La notificación que se envió a la dirección de Puerto Rico fue recibida, según consta en el formulario del Servicio Postal, sin embargo, la otra fue devuelta por el correo. Una vez examinamos el Informe, mediante resolución de 29 de noviembre de 2011 le concedimos a las partes un término de 20 días para que se expresaran en torno al mismo. La licenciada Massanet Rodríguez no cumplió con lo ordenado por este Tribunal.

Ante ese marco fáctico, el 24 de febrero de 2012 le instruimos a la Oficina del Procurador General que presentara una querella contra la licenciada Massanet Rodríguez. En consecuencia, el 15 de marzo de 2012 se presentó la querella, donde se adujo que la letrada violó los Cánones 18, 19, 20 y 38 del Código de Ética Profesional, *supra*. Al día siguiente, el 16 de marzo, conforme a la Regla 14 (f) del Reglamento del Tribunal Supremo, la Secretaria de este Tribunal expidió un mandamiento ordenándole a la abogada que en el término de 15 días contestara la querella.

En varias ocasiones los alguaciles de este Tribunal intentaron diligenciar el referido mandamiento, resultando los esfuerzos infructuosos. En cuanto al tortuoso procedimiento de cumplir ese cometido, destacamos que el 20 de abril de 2012 el Alguacil de este Tribunal informó mediante una misiva que durante el mes de marzo se había comunicado vía telefónica con la querellada, quien le indicó que se encontraba en la ciudad de Houston, Texas, y que regresaría a Puerto Rico en tres semanas. En esa comunicación también señaló que el 20 de abril se volvió a comunicar con ella, y que en esa ocasión esta le proveyó una dirección postal de Estados Unidos donde podía recibir el documento. Posteriormente, el 4 de diciembre de 2012, el Alguacil nuevamente informó que durante los meses de septiembre y octubre se habían comunicado con la licenciada Massanet pero que esta no mostró interés de cooperar en el

proceso pendiente ante esta Curia. Finalmente, puntualizó que el 29 de noviembre de ese año visitaron la residencia de los padres de la letrada y que allí la contactaron vía telefónica. En esa comunicación la letrada le informó a los alguaciles que no regresaría a Puerto Rico y les suministró un correo electrónico al cual podían enviar el documento, así como su nuevo número telefónico. Mencionamos además que durante ese proceso la querellada informó que alegadamente se encontraba fuera de Puerto Rico porque estaba recibiendo un tratamiento médico. Empero, debemos destacar que el expediente esta huérfano de evidencia alguna que acredite esas aseveraciones.

En consideración a estos antecedentes fácticos, procedemos a enunciar los fundamentos que atienden el comportamiento de la querellada y la procedente sanción.

## II

Reiteradamente hemos señalado que el apartarse de cumplir con los deberes que imponen la ley y el ordenamiento ético acarrea imposiciones de sanciones disciplinarias. *In re* Asencio Márquez, 183 D.P.R. 659, 664 (2011). Esto cobra mayor significado cuando dichas faltas se cometen durante la consecución de un proceso disciplinario contra un miembro de la profesión togada. *In re* Buono Colón, 2012 T.S.P.R. 177, 187 D.P.R. ___ (2012), res. el 28 de noviembre de 2012; *In re* Borges Lebrón, 170 D.P.R. Ap. (2010). Sabido es que la función de todo

abogado requiere que este atienda con "diligencia y escrupulosidad" las órdenes que emita este Tribunal, y esa obligación se hace más patente cuando dichas órdenes se refieren a procedimientos sobre su conducta profesional. *In re* Montes Díaz, 184 D.P.R. 90, 93 (2011). Sin embargo, constantemente esta Curia se ha enfrentado a situaciones en las que un sinnúmero de abogados incumplen con las órdenes de este Tribunal y de los organismos encargados de investigar las posibles violaciones a las normas que rigen nuestra profesión. *In re* Arroyo Rivera, 182 D.P.R. 732, 736 (2011). Tal conducta es altamente reprochable, pues es de suma importancia que los abogados y abogadas sean diligentes en las gestiones que les competen realizar mientras se dilucida un proceso disciplinario en su contra. Desatender las órdenes atinentes a ese proceso es un asunto de suma seriedad, tanto así que puede acarrear la suspensión inmediata de la profesión. In re Rodríguez Salas*,* 181 D.P.R. 759 (2011). Para atender este tipo de situaciones, nos hemos referido a los postulados de los Cánones 9 y 12 del Código de Ética Profesional, supra. Veamos.

Por su parte, el Canon 9, supra, dispone sin ambages que todo abogado "debe observar una conducta de respeto y diligencia hacia los tribunales". Hemos enunciado que cuando los abogados no cumplen con las órdenes de este Tribunal demuestran menosprecio hacia nuestra autoridad, infringiendo, de ese modo, las disposiciones de ese

precepto. *In re Fidalgo Córdova*, 183 D.P.R. 217 (2011). En cuanto a los procesos disciplinarios, esto se traduce en que todo miembro de la profesión tiene el ineludible deber de responder diligente y oportunamente los requerimientos y las órdenes que le emita este Tribunal. *In re García Ortiz*, 2013 T.S.P.R. 5, 187 D.P.R.____ (2013), res. el 11 de diciembre de 2012; *In re* Fidalgo Córdova, supra. Por tanto, actuar con indiferencia, despreocupación y falta de cooperación es incompatible con la norma ética antes citada. Íd.

Al interpretar el Canon 9, *supra*, hemos puntualizado que la naturaleza de la función de abogado requiere que este emplee estricta atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer, incluyendo la Oficina del Procurador General. Ya anteriormente hemos dicho que todo abogado admitido a la profesión tiene el deber ineludible de contestar los requerimientos del Procurador General. *In re García Ortiz*, supra; *In re* Fidalgo Córdova, supra. Es por eso que desatender los apercibimientos y órdenes constituye un agravio a la autoridad del Tribunal de tal envergadura que constituye causa suficiente para la imposición de sanciones disciplinarias severas incluyendo la suspensión inmediata. *In re* Rodríguez Salas, supra.

En síntesis, al interpretar el Canon 9, *supra*, hemos apuntado que los abogados están obligados a responder con

premura y diligencia a los requerimientos relacionados con quejas por conducta profesional. Así por ejemplo, hemos sostenido que constituye una falta de respeto hacia los procedimientos del tribunal la indebida, irrazonable e inexcusable tardanza de un abogado en formular su contestación a una querella. In re Vargas Soto, 146 D.P.R. 55 (1998). Y valga aclarar que la referida obligación es independiente a los méritos de la queja presentada. In re Martínez, 160 D.P.R. 263 (2008).

En ese sentido, recientemente expresamos que:

> [e]ste Tribunal no flaqueará en suspender a los togados que demuestren un reiterado incumplimiento con los términos finales y perentorios impuestos para cumplir con nuestras órdenes. El hecho de que esta Curia esté en disposición de conceder prórrogas para lograr el cumplimiento con nuestras órdenes, en aras de corregir deficiencias al ejercicio de la profesión legal, no impide nuestra función disciplinaria. Tampoco exonera al letrado de las consecuencias de las violaciones éticas en que incurra ante nuestro Foro. Bajo ningún concepto este Tribunal está vedado de auscultar si procede la suspensión de un miembro de nuestra profesión ante un trámite que demuestra un cúmulo de acciones dirigidas a dilatar y entorpecer los procedimientos en contravención al Canon 9, supra. In re Asencio Márquez, supra, pág. 664.

Por otro lado, el Canon 12, supra, dispone que "[e]s deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas". Como vemos, este precepto también intima que los abogados presten atención minuciosa, diligencia y cumplimiento a las

órdenes del tribunal, y hemos enfatizado que ese deber cobra mayor envergadura cuando se trata de órdenes dictadas por el Tribunal Supremo de Puerto Rico. In re Cuevas Velázquez, 174 D.P.R. 433, 441 (2008). En ese sentido también hemos enunciado que el incumplimiento con los requerimientos de la Oficina del Procurador General es igual de reprochable y acarrea las mismas sanciones que desatender las órdenes de este Tribunal. In re Lasalle Pérez, 153 D.P.R. 368 (2001). Así pues, un abogado actúa en contravención al Canon 12, supra, si no responde a las resoluciones del Tribunal Supremo, ni comparece para responder a una queja que se ha presentado en su contra. In re Rodríguez Bigas, 172 D.P.R. 345(2007).

Como vemos, un abogado que no contesta los requerimientos de este Tribunal demuestra dejadez, indiferencia y falta de diligencia, y consecuentemente, no respeta los postulados contenidos en los Cánones 9 y 12, supra. "**Desatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal. Implica indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, particularmente hacia este Foro**". (Énfasis nuestro) In re Pagán Pagán, supra.[2]

III

---

[2] Citando a In re Escalona Colón, 149 D.P.R. 900 (2000).

El expediente de la querella que atendemos refleja un patrón de desidia y desinterés por parte de la licenciada Massanet Rodríguez en cuanto al proceso disciplinario que se inició en su contra. En sus inicios, la querellada compareció a contestar las alegaciones que el señor Pérez Ortiz formuló en su queja. Sin embargo, esta no reaccionó al Informe del Procurador General en el término provisto ni contestó la querella que posteriormente se presentó, a pesar de que se le notificó a su dirección postal. Una vez presentada la querella, el Alguacil de este Tribunal intentó durante varios meses diligenciar el mandamiento que le ordenaba comparecer a contestar la misma. Durante ese proceso, fue notable la indiferencia de la abogada hacia los esfuerzos que hizo este Tribunal para notificarle sobre los cargos éticos que se le imputaron. La licenciada Massanet Rodríguez ofreció información incongruente en varias ocasiones en cuanto a la fecha en que comparecería. Luego, suministró una dirección postal de la ciudad de Houston para que le enviáramos el mandamiento. Esa dirección fue la misma a la que anteriormente se le notificó el Informe del Procurador General, notificación que fue devuelta por el servicio postal. Tras varios intentos para diligenciar el mandamiento, la abogada le informó al Alguacil de este Tribunal que no regresaría a Puerto Rico y proveyó una dirección de correo electrónico y un número de teléfono. No hizo ninguna otra gestión afirmativa para responder a nuestros requerimientos.

Como se puede apreciar, las constantes actitudes y comportamiento de la licenciada Massanet Rodríguez, evadiendo los esfuerzos que por varios meses realizaron los funcionarios de este Tribunal para poderle notificar la querella y diligenciar el mandamiento que le ordenaba contestar la misma constituyen una falta de respeto reprochable hacia la autoridad de esta Curia. La indebida, irrazonable e inexcusable tardanza de un abogado en formular su contestación a una querella es una falta de respeto que no debe tolerarse. In re García Ortiz, supra.

Es inaceptable que sin causa justificada un letrado se niegue a comparecer ante un procedimiento en el cual se le imputan severas faltas éticas. Esa actitud caracteriza un absoluto menosprecio a los Cánones 9 y 12 del Código de Ética Profesional y a esta Institución. In re Moreno Franco, 166 D.P.R. 787 (2006). La licenciada Massanet Rodríguez debió mostrar genuino interés en cuanto a este asunto, pues una querella por faltas éticas no se debe atender livianamente. Todo lo contrario, el desarrollo de la normativa ética exige que los miembros de la profesión respondan prontamente a cualquier requerimiento relacionado a un proceso disciplinario.

Si bien es cierto que en primera instancia la letrada informó que debido a ciertas condiciones de salud debía permanecer fuera de Puerto Rico, ello no excusa su actitud de proveer información incongruente a los funcionarios de

este Tribunal y de no cooperar en este proceso. Recordemos además que dichas alegaciones están carentes de prueba, pues la licenciada tampoco proveyó evidencia alguna dirigida a demostrar que en efecto alguna situación de salud le impedía cumplir con sus deberes profesionales. Y aún en el caso de que fueran ciertas, recientemente expresamos que el hecho de que el estado de salud sea delicado, no excusa el incumplimiento con las obligaciones impuestas sobre todo abogado que ejerce la profesión. In re Grau Collazo, 2012 T.S.P.R. 108, 185 D.P.R. ____ (2012), res. el 12 de junio de 2012.

IV

Por los fundamentos que anteceden, concluimos que la licenciada Massanet Rodríguez infringió los Cánones 9 y 12 del Código de Ética Profesional, supra, al provocar dilaciones injustificadas en el presente proceso disciplinario. La conducta que desplegó la letrada constituye una afrenta a las normas éticas que rigen a todo abogado. Por ello, la suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

En vista de lo anterior, le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo

anterior, dentro del término de 30 días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la licenciada Massanet Rodríguez y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Damaris Massanet Rodríguez

CP-2012-0004

SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2013.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría de la Lcda. Damaris Massanet Rodríguez por incumplir con su deber de responder oportunamente a los requerimientos de este Tribunal.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la

señora Massanet Rodríguez y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo