EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2013 TSPR 72 |
| Roberto Vega Pacheco | 188 DPR ____ |

Número del Caso:   AB-2011-223
                   AB-2012-021
                   AB-2012-240


Fecha: 13 de junio de 2013



Materia: Conducta Profesional – La suspensión será efectiva el 20 de junio de 2013 fecha en que se le notificó al abogado de su suspensión inmediata.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:  Roberto Vega Pacheco

                    AB-2011-0223
                    AB-2012-0021
                    AB-2012-0240

PER CURIAM

En San Juan, Puerto Rico, a 13 de junio de 2013.

En innumerables ocasiones este Tribunal se ha visto obligado a suspender a miembros de la profesión togada por incumplir con las disposiciones de nuestro Reglamento referentes a los procedimientos disciplinarios, así como con órdenes emitidas por este foro. El presente caso se une a esa gama de situaciones. Del expediente que nos ocupa surge que se presentaron tres quejas contra el Lcdo. Roberto E. Vega Pacheco. No obstante, a pesar de que fue debidamente notificado, no compareció a contestar ninguna de estas. Por tal razón, lo suspendemos inmediata e indefinidamente de la práctica de la abogacía y la notaría.

-I-

Pasamos a exponer los hechos pertinentes a cada una de las quejas presentadas en contra del letrado.

A. AB-2011-223

El 14 de julio de 2011 la Sra. Diana E. López Arrollo presentó una queja contra el licenciado Vega Pacheco. En su escrito expuso que lo contrató para que la representara en una reclamación de daños y perjuicios, pero que su desempeño profesional fue en extremo negligente. Enumeró que el abogado, entre otras cosas: no contestaba sus llamadas telefónicas ni correos electrónicos por lo que no la mantenía informada sobre los incidentes procesales del caso; no contestó varias órdenes del Tribunal de Primera Instancia; no respondió a ciertas mociones en las que la otra parte solicitó que se dispusiera del caso por la vía sumaria; y no compareció a ciertas vistas celebradas en el foro primario ni excusó su incomparecencia.

Así las cosas, el 15 de agosto de 2011 la Subsecretaria de este Tribunal le notificó la queja al licenciado mediante correo certificado a la dirección postal "The Hato Rey Center 268 Ave. Ponce de León Ste. 905, San Juan, P.R. 00918". Cabe destacar que esa es la información que consta en el Directorio de Abogados y Abogadas del Tribunal Supremo de Puerto Rico. Sin embargo, la funcionaria realizó de nuevo esa gestión el 9 de marzo de 2012, ante la incomparecencia del licenciado.

Debemos puntualizar que esta última notificación fue devuelta por el servicio de correo postal por la siguiente razón: "unclaimed". Ante ello, el 13 de abril de 2012 emitimos una Resolución concediéndole al abogado un término final de cinco (5) días para que compareciera y contestara la queja, dictamen que se le notificó personalmente. Aun así, el licenciado Vega Pacheco no contestó la queja en el tiempo provisto.

B. AB-2012-21

De otra parte, el 20 de enero de 2012 las Sras. Mara N. Sierra y Ana V. Figueroa Román también presentaron una queja contra el licenciado Vega Pacheco. Señalaron, en síntesis, que este las representaba en un pleito sobre daños y perjuicios y en una querella que presentaron ante el Departamento de Asuntos del Consumidor. Indicaron que en numerosas ocasiones intentaron comunicarse con él para conocer el estatus de las reclamaciones antes mencionadas, pero que nunca pudieron dar con su paradero. Expresaron que ante esa situación se vieron obligadas a contratar unos investigadores privados para poder contactar al abogado. Manifestaron que les urgía conseguir ciertos documentos que obraban en sus expedientes legales, los cuales se encontraban en la oficina del letrado. Sin embargo, informaron en su queja que todos esos esfuerzos resultaron fallidos.

Así pues, siguiendo el trámite reglamentario, el 2 de febrero de 2012 la Subsecretaria de este Tribunal le cursó una comunicación al licenciado, vía correo certificado, notificándole sobre la queja e instruyéndole que debía contestar la misma en un término de 10 días. Esa correspondencia fue devuelta por el correo por la siguiente razón: "unclaimed". Por ello, el 14 de marzo de 2012 se envió otra comunicación, la que también fue devuelta por la misma razón. Consiguientemente, el 13 de abril de 2012 emitimos una Resolución concediéndole un término final de 5 días para que compareciera a contestar la queja, dictamen que el Alguacil de este Tribunal le notificó personalmente al licenciado Vega Pacheco, según consta en el expediente. Este proceso disciplinario siguió un cauce idéntico al descrito anteriormente en cuanto a la queja AB-2011-223: el abogado hizo caso omiso a nuestra orden y no compareció a contestar la queja.

C. AB-2012-240

Asimismo, el 29 de junio de 2012 el Sr. Edwin F. Negrón Colón presentó otra queja contra el licenciado Vega Pacheco. Allí detalló que en varias ocasiones intentó contactar al letrado para conocer el estado procesal de una reclamación en la cual este lo representaba. Relató que todos los intentos resultaron infructuosos por lo que a la fecha de presentar la queja desconocía el estado de su caso. El 13 de julio de 2012 la Subsecretaria de esta

Curia le notificó al abogado la referida queja mediante correo certificado. Sin embargo, dicha comunicación fue devuelta por el correo postal con la siguiente descripción: "vacant".

Posteriormente, el 1 de agosto de 2012 nuevamente se le envió otra notificación al licenciado. En esa ocasión la comunicación fue recibida. Empero, a pesar de ello no contestó la queja. Por esa razón, el 22 de febrero de 2013 emitimos una resolución concediéndole un término final de cinco (5) días para que compareciera a contestarla. Nuevamente, le ordenamos a la Oficina del Alguacil que notificara ese dictamen personalmente. El Alguacil del Tribunal actuó conforme lo ordenado, y consta en el expediente que el licenciado Vega Pacheco recibió la notificación de la resolución el 14 de marzo de 2013. No obstante, el abogado desatendió nuestra orden.

Pasemos a disponer este asunto.

-II-

Es conocido que la Regla 14 del Reglamento del Tribunal Supremo de Puerto Rico establece el procedimiento a seguir cuando se presentan quejas y querellas contra abogados y notarios. 4 L.P.R.A. Ap. XXI-B. Allí se establece que una vez se presente ante el Tribunal una queja respecto al comportamiento de un abogado, el Secretario o Secretaria del Tribunal le enviará una copia al abogado, para que dentro de 10 días presente su

posición en cuanto a la misma. En el presente caso, el referido término ha transcurrido en exceso, sin mediar la más mínima causa que lo justifique.

Es norma hartamente conocida que cuando un abogado se aparta del fiel cumplimiento de los deberes que imponen la ley y el ordenamiento ético se expone a la imposición de sanciones, especialmente cuando dichas faltas se cometen durante la consecución de un proceso disciplinario. *In re Asencio Márquez*, 183 D.P.R. 659, 664 (2011); *In re Buono Colón*, 2012 T.S.P.R. 177, 187 D.P.R. ___ (2012), res. el 28 de noviembre de 2012; *In re Borges Lebrón*, 170 D.P.R. Ap. (2010). Todo abogado debe atender con "diligencia y escrupulosidad" las órdenes que emita este Tribunal. *In re Montes Díaz*, 184 D.P.R. 90, 93 (2011).

Las reiteradas ocasiones en que esta Curia ha enfatizado esa norma no han evitado que constantemente nos veamos precisados a dirimir situaciones en las que un gran número de abogados desatienden nuestras órdenes. *In re Arroyo Rivera*, 182 D.P.R. 732, 736 (2011). Repetidamente hemos enunciado que durante el trámite de un proceso disciplinario dicha conducta conlleva la suspensión inmediata de la profesión. *In re Rodríguez Salas,* 181 D.P.R. 759 (2011). Ello demuestra un alto menosprecio hacia nuestra autoridad, infringiendo así las disposiciones del Cánon 9 del Código de Ética Profesional.[1]

---

[1] 4 L.P.R.A. Ap. IX.

In re Fidalgo Córdova, 183 D.P.R. 217 (2011); *In re García Ortiz*, 2013 T.S.P.R. 5, 187 D.P.R.____ (2013), res. el 11 de diciembre de 2012.

Por otro lado, también hemos sostenido que es una falta de respeto hacia los procedimientos del tribunal la indebida, irrazonable e inexcusable tardanza de un abogado en formular su contestación a una queja o querella, obligación que es independiente a los méritos de las alegaciones que se presenten en las mismas. *In re* Martínez, 160 D.P.R. 263 (2008); In re Vargas Soto, 146 D.P.R. 55 (1998). **"Desatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal. Implica indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, particularmente hacia este Foro"**. *In re* Escalona Colón, 149 D.P.R. 900 (2000).

-III-

En el caso que atendemos se presentaron tres quejas contra el Lcdo. Roberto E. Vega Pacheco. En esas tres ocasiones la Subsecretaria de este Tribunal le notificó las quejas presentadas y el término en el cual debía contestarlas. Esa notificación se hizo a la dirección que consta en el Directorio de Abogados y Abogadas. Además de esa gestión, consta en el expediente que el Alguacil de este Tribunal le notificó personalmente al abogado las

resoluciones que emitimos el 13 de abril de 2012 y el 22 de febrero de 2013. Así se desprende de las copias de las distintas notificaciones que diligenció el funcionario, documentos en los que el letrado estampó su firma.

Una vez más, enfatizamos la importancia que reviste que los abogados y abogadas de Puerto Rico cumplan con el procedimiento provisto para los procesos disciplinarios que se ventilen en su contra. Una queja o una querella es una alegación que señala que cierta conducta del abogado milita en contra de los postulados éticos que rigen esta profesión. Independientemente de los méritos que tenga o no tenga esa alegación, todo abogado y abogada contra quien se presente una queja **tiene la obligación indefectible de comparecer a contestar la misma.** Desatender ese trámite procesal revela un alto menosprecio a la razón misma de la profesión de la abogacía y al propio Tribunal Supremo, como ente regulador de la profesión jurídica.

La desatención exhibida en este caso se exacerba ante el hecho de que el licenciado Vega Pacheco recibió copia de nuestros dictámenes personalmente. Al hacer esta expresión no estamos sugiriendo de manera alguna que el hecho de ser notificado únicamente mediante la vía postal implica causa alguna para retrasar la contestación a una queja. Es más, aprovechamos la coyuntura para reafirmar que el propio Reglamento del Tribunal Supremo le impone un

deber a todos los miembros de la profesión legal de mantener actualizada su información de contacto en el Registro Único de Abogados y Abogadas. No hacerlo también podría conllevar la suspensión indefinida e inmediata del ejercicio de la profesión. Véase In re Sanabria Ortiz, 156 D.P.R. 345, 348-349 (2002). Lo que señalamos es la "audacia" del licenciado Vega Pacheco de no contestar las quejas luego de haber recibido personalmente copia de las mismas. Este Tribunal no vacilará en suspender del ejercicio de la profesión a los letrados que así actúen. Por tal razón, suspendemos al letrado inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

-IV-

Por los fundamentos que anteceden, concluimos que el Lcdo. Roberto Vega Pacheco infringió el Canon 9 del Código de Ética Profesional, supra, al provocar dilaciones injustificadas en el presente proceso disciplinario al desatender nuestras órdenes. En consecuencia, lo suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

En vista de lo anterior, le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo

anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del señor Estrada Ramos y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:  Roberto Vega Pacheco

                              AB-2011-0223
                              AB-2012-0021
                              AB-2012-0240

SENTENCIA

En San Juan, Puerto Rico, a 13 de junio de 2013.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría del Lcdo. Roberto Vega Pacheco por incumplir con el Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX al no responder oportunamente a los requerimientos de este foro.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del Sr. Roberto Vega Pacheco y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez está inhibida. El Juez Asociado señor Feliberti Cintrón no interviene.


                    Aida I. Oquendo Graulau
                  Secretaria del Tribunal Supremo